UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 11-20678-CR-MOORE

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

MONTAVIS MIDDLETION,

   Defendant.
_____/

## SENTENCING MEMORANDUM ON STATUTORY FACTORS

  In the instant case, it is submitted on behalf of Mr. Middleton that the court consider the various § 3553(a) factors as applied to this case and reduce the defendant's guideline range through variance or a downward departure to 32 years, prior to any consideration of a substantial assistance reduction. It is submitted that a variance under these factors is reasonable, especially due to the circumstances of this case and the history and characteristics of this defendant.

## THE DEFENANT'S COOPERATION AND PLEA

  In the instant case, the defendant gave transcribed confessions to each of 7 conspiratorial robberies and agreed to cooperate with authorities, prior even to retention of counsel. Without hesitation, he entered into a plea agreement with the government to cooperate in the resolution of the crimes and to plead guilty to a Hobbs Act conspiracy (Count 1), seven robberies (Counts 2, 4, 6, 8,10,12, & 14), and two charges of a possession of a firearm in furtherance of a crime of violence (Counts 3 & 15). Thus, he agreed to **consecutive minimum** sentences of 7 years and 25 years to follow the application of a guideline sentence, subject to a possible downward departure for his substantial assistance reduction from the initial guideline sentence  plus the mandatory

consecutives. **PSR, at 1-4**. While it is believed that Mr. Middleton has provided and is continuing to provide substantial assistance, any reduction for that is expected to come through a rule 35 motion.

## THE ADVISORY GUIDELINES BEFORE THE CONSECUTIVE MINIMUMS

The defendant's advisory guideline calculation with acceptance of responsibility and the elimination of the two point enhancement for bodily injury in paragraph 97 would leave the defendant at a level 27 and a criminal history category of IV (100-125 months); but with a career criminal classification the defendant's advisory guideline before the consecutive minimums is 130-162 months. The defendant is being considered as career criminal due to the burglary of an unoccupied dwelling in paragraph 125.

The defendant objected to the use of the conviction in paragraph 125 for purposes of a career criminal determination insofar as the burglary was of an unoccupied dwelling and it is submitted that it should not be considered a crime of violence **See United States v. Spell**, 44 F.3d 936 (11th Cir. 1995); **contra**, United States v. Gonzalez-Lopez, 911 F. 2d 542 (11th Cir. 1990). The Addendum to the PSR cites to the unpublished opinion of **United States v. Dunklin**, 2009 U.S. App. Lexios 8387 (11th Cir. 2009) where the court acknowledged that it had "never explicitly concluded that burglary of an unoccupied dwelling is a crime of violence…." However, this distinction can be made for purposes of a downward departure or variance from the career offender provisions (horizontally or vertically) based upon the application of the factors under section 3553 (a) (1) through (7), plus his extraordinary acceptance of responsibility, substantial assistance, and for these mitigating circumstances of a kind or degree not adequately taken into consideration in the guidelines.

## A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY

Section 3553 (a) states that "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider" the factors in subsections (a) (1) – (7). The Supreme Court has ruled that the Court must give due deference to a District Court's decision that the Section 3553(a) factors, on a whole, justify the extent of a variance. **Gall v. United States**, 128 S.Ct. 586 (2007). See **United States v. Clay**, 483 F.3d. 739 (11th Cir., 2007); **United States v. Gray**, 453 F.3d 1323 (11th Cir. 2006); **United States v. Halsema**, 180 Fed. Appx. 103 (11th Cir. 2006) (The defendant was sentenced to 24 months, less than half of the 57-month prescribed guideline sentence. The Eleventh Circuit held that the trial court's explicit reliance on the § 3553(a) factors supported the reasonableness of the decision.). **United States v. Montgomery**, 165 Fed. Appx. 840 (11th Cir. 2006). The decision in **United States v. Williams** (Marcus), 435 F.3d 1350 (11th Cir. 2006), shows that deviations will be approved if supported by a statement of reasons, even in career criminal cases. (guideline sentence of career criminal was properly calculated at 188 —235 months. Considering the various § 3553(a) factors, the district court sentenced the defendant to 90 months imprisonment.

It is submitted that the circumstances of this case, whereby Mr. Middleton has two consecutive minimums totaling 32 years, consecutive to a guideline range, the application of the statutory factors here justify the imposition of a sentence of no more than 32 years. 32 years is a sufficient sentence and any greater sentence is not necessary in this case. It is submitted that under the circumstances of Mr. Middleton's case, his history and characteristics, and his cooperation, a 32 year sentence is a sufficient and just sentence from which the court should consider a substantial assistance reduction, and the full application of the advisory guideline range of 42 years is greater than necessary.

WHEREFORE, Mr. Middleton requests that the court enter the aforementioned sentence of 32 years as the reasonable sentence considering the statutory factors, sustain his objections to the PSI, and for such other relief as is appropriate.

>
> Respectfully submitted,
> Nathan D. Clark, Esquire
> CORAL REEF LAW OFFICES, P.A.
> 17641 South Dixie Highway
> Miami, Florida 33157
> Tel.   (305) 255-7500
> Fax   (305) 755-7040
> By:    /s/Nathan D. Clark
>          Nathan D. Clark

**Certificate of Service**

      I hereby certify that on March 14, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                               By:    /s/Nathan D. Clark
                                                                               Nathan D. Clark